## L. Dishongh v. The State.

1. Information — Affidavit. — To constitute such an affidavit as will support an information, the *jurat* must be authenticated by the signature of the officer before whom the affidavit was made.

2. Clerks are admonished to put their file-marks on all file-papers, and to observe the rules of court regulating the preparation of transcripts for appeal.

Appeal from the County Court of Jack. Tried below before the Hon. I. Stoddard, County Judge.

No brief for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

Winkler, J. This was a prosecution by information in the County Court, for theft of property in value less than $20. There is copied into the transcript a paper purporting to be an affidavit charging the theft, and upon which the information appears to have been founded, but it does not appear that the affidavit was ever sworn to, which should be shown by the *jurat* of the officer ; and, being wanting in this respect, it could form no sufficient basis for the information. In prosecutions by information in the County Court, the statute requires that an information must be based upon the affidavit of some credible person. County Court Act, sec. 8 (Gen. Laws 1876, p. 20) ; *Davis* v. *The State*, 2 Texas Ct. App. 185 ; *Morris* v. *The State*, 2 Texas Ct. App. 503.

We deem it not amiss to notice that, so far as is shown by the transcript, none of the papers of the case, not even the information upon which the appellant was tried, were ever filed in the court below ; and we invite the attention of the clerk to the rules of court now in force, and which govern both the County and the District Courts in criminal cases,

and especially to those rules which regulate the preparation of transcripts for appeal. 2 Texas Ct. App. 677.

Because the information is not based upon a proper affidavit, the judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*